Vernon L. BROWN, Clarence Boyle, A. E. Cole, Carl Ehlen, Parker L. Knight and Faye Lauterbach, a/k/a North Bonneville Committee, Plaintiffs,

v.

Jackson GRAHAM as District Engineer, Bonneville Project; and A. E. Ehrenstrom, Chief, Central Payroll Office, Bonneville Project; and the United States, Defendants,

Ray Smith, Carl Chambers and Samuel B. Stewart, as Members and constituting the State Tax Commission of the State of Oregon, Intervenor Defendants.

Civ. No. 9037.

United States District Court
D. Oregon.

Jan. 13, 1959.

398

Jennings P. Felix, Seattle, Wash., for plaintiffs.

Victor E. Harr, Asst. U. S. Atty., Portland, Ore., for defendants.

Donald J. Griswold, Asst. Atty. Gen. of Oregon, for intervenor defendants.

Before HAMLEY, Circuit Judge, and SOLOMON and EAST, District Judges.

EAST, District Judge.

This three-judge Court was constituted by order of the Chief Circuit Judge of the Court of Appeals for the Ninth Circuit,[1] and the cause first came on for hearing upon the several motions of the defendants and the intervenor defendants for an order dismissing plaintiffs' complaint and cause.[2] The defendants and the intervenors renewed their respective motions to dismiss plaintiffs' amended complaint and action. Counsel have ably briefed and presented to the Court the questions involved.

### Parties

The plaintiffs, "North Bonneville Committee," are voluntary assignees of al-

---

1. At the request of District Judge East, before whom this matter first appeared.

2. After the original complaint was filed herein, defendants and intervenor-defendants moved to dismiss the suit. Five principal reasons were advanced, as follows: (1) The court lacks jurisdiction in that this is a suit against the United States without its consent; (2) the court lacks jurisdiction in that this is a suit to enjoin the collection of a state tax, which is prohibited under 28 U.S.C.A. § 1341 (Johnson Act), because there is a plain, speedy, and efficient remedy under Oregon law; (3) the court lacks jurisdiction because the amount in controversy does not exceed three thousand dollars, which was then the monetary minimum under 28 U.S.C.A. §§ 1331, 1332; (4) the court lacks jurisdiction because this is a suit to collect salaries from the United States and such a suit may only be brought in the court of claims; and (5) there is no basis for equitable relief because plaintiffs have an adequate remedy at law.

Following a hearing on this motion to dismiss, a per curiam order was entered herein on November 29, 1957, dismissing plaintiffs' complaint and action on the ground that the court lacks jurisdiction by reason of §§ 1331 and 1341, Title 28 U.S.C.A.

Plaintiffs thereafter indicating a desire to file an amended complaint, the order dismissing the action was vacated and permission to file the amended pleading was granted. The amended complaint thereafter filed reasserts the same jurisdictional grounds as alleged in the original complaint. It also includes as additional grounds of jurisdiction a reference to Article IV, § 2, and Amendments 5 and 14 of the Constitution of the United States, and certain provisions of the Civil Rights Act, i. e., 42 U.S.C.A. § 1981 et seq., and 28 U.S.C.A. § 1343.

leged claims held by some 47 Federal employees working at the Bonneville Dam Project, all under the supervision of the Corps of the United States Engineers. The Bonneville Dam is a reclamation and hydroelectric project on the Columbia River some 40 miles upstream from the Portland, Oregon-Vancouver, Washington vicinity, and the Dam extends from the shores of the State of Washington to the shores of the State of Oregon.

The defendants, as the caption designates, aside from defendant United States of America, are supervisory personnel of these 47 Federal employees, and the intervenors are the duly appointed, qualified and acting Commissioners of the State Tax Commission of the State of Oregon.

### Plaintiffs' First Cause of Action

The plaintiffs show that part of the duties of 22 of their 47 employee-assignors are performed within the State of Washington, and part are performed within the State of Oregon in connection with their employment on the Dam Project. The percentage of income earned by these 22 employees within the State of Oregon is varied from a high of 90% to a low of 50% of their respective total wages paid by the United States Government.

The plaintiffs further show that the defendants, pursuant to the President's Executive Order, implemented and authorized by an Act of Congress,[3] in line with the laws and regulations of the State of Oregon, have been and are deducting and withholding from the mentioned 22 employees' total wages an amount equal to the withholding tax deductions from the wages of Oregon residents with a like total wage, all without reference as to what amount of the wages of the mentioned 22 employees respectively was earned within the State of Washington.

As appears from the statements of counsel in open Court, when these 22 employees file their respective income tax returns with the State of Oregon showing the true amount of wages earned within the State of Oregon and their allowable deductions arising within the State of Oregon, they then receive the benefit of the amount of the withholding from their respective wages as credit upon their income tax due the State of Oregon, or if overpaid, have a claim for a refund. The plaintiffs and their 22 as-

---

3. Title 5 U.S.C.A. § 84b provides:
"Where—
"(1) the law of any State or Territory provides for the collection of a tax by imposing upon employers generally the duty of withholding sums from the compensation of employees and making returns of such sums to the authorities of such State or Territory, and
"(2) such duty to withhold is imposed generally with respect to the compensation of employees who are residents of such State or Territory, then the Secretary of the Treasury, pursuant to regulations promulgated by the President, is authorized and directed to enter into an agreement with such State or Territory within one hundred and twenty days of the request for agreement from the proper official of such State or Territory. Such agreement shall provide that the head of each department or agency of the United States shall comply with the requirements of such law in the case of employees of such agency or department who are subject to such tax and whose regular place of Federal employment is within the State or Territory with which such agreement is entered into. No such agreement shall apply with respect to compensation for service as a member of the Armed Forces of the United States. July 17, 1952, c. 940, § 1, 66 Stat. 765."

The fifth section of the President's Executive Order 10407 "Fed. Reg. 17 pp. 10131, 10133," promulgated under the Act cited, dated November 6, 1952, provides:
"5. Nothing in this order, or in rules or regulations issued hereunder, or in any agreement entered into pursuant thereto, shall be deemed to consent to the application of any provision of law of any State or Territory which has the effect of imposing more burdensome requirements upon the United States than it imposes upon other employers, or which has the effect of subjecting the United States or any of its officers or employees to any penalty or liability."

signors involved are aggrieved by reason of the fact that defendants deduct and withhold the required withholding amount from the wages of the employees earned outside the State of Oregon, and then in turn have to await throughout the entire taxable period to obtain administrative refund of the amounts withheld from their wages actually earned within the State of Washington. Therefore, the plaintiffs claim that their assignors' property is being taken by the defendants and the intervenors without due process of law in violation of 5 U.S.C.A. §§ 84a and 84b and contrary to the Oregon statutes and specific published rules and regulations of the tax authorities of the State of Oregon.[4]

However, the intervenors disclaim the application of this statutory and regulatory law and contend that the law of the matter is governed by other statutes and regulations.[5]

Furthermore, the plaintiffs, on behalf of their respective 22 assignors, claim that the actions of the defendants are without authority in law and violate their and their assignors' rights, as set forth in par. 1, § 2, Article IV of the Constitution of the United States, providing:

> "[1] The Citizens of each State shall be entitled to all privileges and immunities of Citizens in the several States."

and also as set forth in Amendment V of said Constitution, providing in part:

> "No person shall * * * be deprived of life, liberty, or * * * due process of law."

and also as set forth in Amendment XIV, § 1 of said Constitution, providing in part:

> " * * * nor shall any State deprive any person of life, liberty, or property, without due process of law;"

and also in violation of the commerce clause of the Constitution set forth in § 1, Article VIII (sic).

The plaintiffs further allege that they have no other plain, speedy, or efficient remedy in the matter and ask that the defendants and the intervenors be permanently enjoined from withholding any moneys for Oregon taxes from the salaries of the 22 persons named in the first cause of action. And in connection with the plaintiffs' second cause of action they ask that the defendants and the intervenors be permanently enjoined from withholding any moneys whatsoever for income taxes for the State of Oregon from the salaries of the 47 assignors of plaintiffs referred to.

### Plaintiffs' Second Cause of Action

In plaintiffs' second cause of action they reassert and claim for all of their 47 assignors that the defendants' action in withholding for the benefit of the State of Oregon amounts computed to their entire wages, as above set forth, violates their respective Constitutional rights in all respects set forth in their first cause of action.

The plaintiffs further claim that, pursuant to the Oregon statutes, as implemented and put into effect by the action of the defendants in their withholding of amounts from their respective net income as nonresidents of the State of Oregon, they are subjected to an income tax upon a basis which favors the residents of Oregon and disfavors these residents of Washington. It would appear that the statutes of the State of Oregon permit an Oregon resident to claim a statutory deduction without explanation, based upon percentages of income from their taxable income, which deductions are not permitted to residents of other states, and particularly plaintiffs' assignors.[6]

---

4. See ORS 316.055, also Published Rules and Regulation of the Oregon State Tax Commission—Reg. 6.055(2).

5. ORS 316.575 and ORS 316.580.

6. ORS 316.305 to 316.451, inclusive.

In addition to the alleged violation of the Constitutional rights claimed by plaintiffs on behalf of their 22 assignors as set forth in the first cause of action, the plaintiffs, in their second cause of action on behalf of their 47 assignors, reallege that each of their assignors' Constitutional rights with respect to Amendments IV, V and XIV are being violated by the alleged action of defendants and intervenors.

It would appear to this Court that this claimed "denial of equal protection of the laws" would constitute the mainstay of the plaintiffs and their assignors.

### $3,000.00 Amount Jurisdictional Limitation of this Court

The defendants and the intervenors urge that this Court is without jurisdiction to hear the causes of plaintiffs because the amount of jurisdictional limitation has not been shown. As to plaintiffs' first cause of action, this Court would take the view that in tax matters of this nature the amount jurisdictional limitation should be determined on the annual basis rather than an accumulative basis, and upon an individual rather than an aggregate basis. Healy v. Ratta, 292 U.S. 263, at page 271, 54 S.Ct. 700, 78 L. Ed. 1248. As none of the plaintiffs' assignors' individual claims for any one year involved meets the amount limitation of this Court's jurisdiction, it would appear that plaintiffs' first cause of action could be, on that ground, dismissed.

This conclusion must not be deemed as any adjudication as to whether or not the amount jurisdictional limitation of this Court is involved in connection with plaintiffs' second cause of action.

### This Court's Jurisdiction to Interfere with State Official Action

At the threshold of this query it is necessary to determine whether or not the defendants, in colleague with the intervenors by reason of an Act of Congress and the President's Proclamation, are acting *pursuant* to a law of the State of Oregon or an Act of Congress. It is the view of this Court that the defendants, in the course of their withholding of sums for the use and benefit of the State of Oregon from the wages payable to the plaintiffs and their respective assignors, were acting under Federal authority to assist and enforce the laws and regulations of officials of the State of Oregon. The net result must be that by leave of Congress the defendants are putting into effect the office of the State of Oregon's laws, statutes and regulations rather than the Acts of Congress. Therefore, this Court must deal with Title 28 U.S.C.A. § 1341, which reads as follows:

> "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

This Court is bound to take judicial knowledge of the statutes and administrative acts of the State of Oregon. Without detail, those statutes and laws provide for an opportunity for these plaintiffs and their respective assignors to be heard by the State Tax Commission, administratively, and by the Courts of the State of Oregon, judicially, as to their grievances.[7]

---

7. ORS 316.005 et seq., specifically, 316.360, which provides:

"Deductions allowed nonresident taxpayers. (1) Subject to subsection (2) of this section, in the case of a nonresident taxpayer the deductions allowed by ORS 316.305 to 316.350 shall be allowed only if and to the extent that they are connected with:

"(a) Income which arises from sources within the State of Oregon and which

is taxed to a nonresident taxpayer under this chapter; or

"(b) Property having a situs for taxation within the State of Oregon.

"(2) The deduction prescribed in ORS 316.340, and as therein limited, shall be allowed to a nonresident taxpayer but only with respect to contributions or gifts within the tax year to the United States, the State of Oregon or any political sub division thereof for use exclusively for

Next, we are obliged to consider the purpose and effect of Title 28 U.S.C.A. § 1343, which provides, inter alia:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: \* \* \*

"3. To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States. June 25, 1948, c. 646, 62 Stat. 932."

We have already determined that it is our view that the defendants, while Federal officials, are acting as agents of the State of Oregon and enforcing the laws of the State of Oregon, and it has already been determined that the plaintiffs and their respective assignors have administrative and judicial procedures open to them to air their grievances against the action of the officials and the laws of the State of Oregon.

We are convinced that the rights obtaining under Title 28 U.S.C.A. § 1343, whether they be personal or monetary rights, are still subject to the restrictions placed upon the jurisdiction of this Court under Title 28 U.S.C.A. § 1341. It follows that this Court has no office to hear the complaints of plaintiffs until after an administrative determination by the intervenor defendants and a review by the judiciary of the State of Oregon of plaintiffs' present complaints have been had, and only then if there be left a complaint that the State of Oregon did not provide:

"A plain, speedy and efficient remedy..which may be had in the Courts of such State."

Any such complaint of plaintiffs may then be heard. Shipman v. DuPre, 1950, 339 U.S. 321, 70 S.Ct. 640, 94 L.Ed. 877. Therefore, the amended complaint of the plaintiffs and their two causes of action should be dismissed.

Having disposed of the contentions of the plaintiffs on the foregoing grounds, it is unnecessary for this Court to consider the other grounds for Constitutional relief claimed by the plaintiffs.

Counsel for defendants and intervenor defendants should submit appropriate orders of dismissal.

---

public purposes within the State of Oregon, or to a corporation or association described in ORS 316.340, or a chapter or branch thereof, located within the State of Oregon. [1953 c. 304 § 49]"

See, also, the regulations and recapitulation of the laws involving, inter alia, "Personal Income, Tax Laws and Regulations," which have been promulgated by the Oregon State Tax Commission under date of 1955 and are applicable to all resident and nonresident persons subject to the laws of the State of Oregon.

"Other taxing acts of the state of California, containing similar provisions, have been held to afford a plain, speedy, and efficient remedy. [Citing cases.] We hold that insofar as this suit is concerned, there is a plain, speedy, and efficient remedy open to the appellant in the state courts of California, wherein it may have its rights adjudicated, and, therefore, the court below was without jurisdiction to entertain the suit for declaratory relief." West Publishing Co. v. McColgan, 9 Cir., 138 F.2d 320, 326, at page 326, 149 A.L. R. 1094.